**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MATTHEW WASHBURN,

                                         Plaintiff,

    v.

                                                                  No. 1:25-CV-1574
PATROL OFFICER ORDWAY,                                            (MAD/PJE)

                                         Defendant.

---

**APPEARANCES:**

Matthew Washburn
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

#### I.  **In Forma Pauperis**

Plaintiff pro se Matthew Washburn ("plaintiff"), who is incarcerated, commenced this action on November 7, 2025, by filing a complaint.  *See* Dkt. No. 1.  In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP").  *See* Dkt. No. 2.  The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2]  This Court must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

## II. **Legal Standards**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted); *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (noting that when a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest.") (internal quotation marks and citation omitted).

The Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678

("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint." *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)). "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Id*. (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## III.  **Discussion**

### A.  **Plaintiff's Complaint**

Plaintiff's complaint arises out of the following series of events.  On an unknown date, at an unspecified location, plaintiff was in an argument with his nephew.  *See* Dkt. No. 1 at 5.  Plaintiff's nephew proceeded to hit him two times with a sledgehammer, once in the lower leg and once in the upper leg.  *See id*.  The police were called and Patrol Officer Ordway, Sheriff Department ("Ordway") responded to the call.  *See id*.  Plaintiff alleges that he told Ordway about "his leg" and that he needed "to go to the hospital."  *Id*.  Plaintiff further alleges that Ordway responded by telling him that he "was fine" and "if [he] could walk [he] will be fine."  *Id*.  Plaintiff claims that this conversation was recorded on Ordway's body-camera.  *See id*.

In his complaint, filed a week after the alleged incident, Plaintiff asserts that his "bottom whole shin bone is swelled and bruised and [his] upper [femur] . . . has a 10 x 10 inch deep black and purple bruise."  Dkt. No. 1 at 5.  He claims that his pain level is a 10/10 and that "it's been a week", and "it's not gotten any better."  *Id*.  Plaintiff states that X-rays were performed at the "jail."  *Id*.  Plaintiff proclaims that "this is [deliberately] indifferent to my right to medical treatment and my health."  *Id*.  Plaintiff seeks $300,000 in "actual", "monetary", and "punitive" damages.  *See* Dkt. No. 1 at 6.

## B.  **Analysis**

Plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983 against Ordway, alleging that his Fourteenth Amendment rights were violated.  *See generally* Dkt. No. 1.  *See also Triestman*, 470 F.3d at 475 ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### 1.  **Defendant's Capacities**

Although the complaint lists Ordway as "Patrol Officer Ordway, Sherriff Department (sic)," plaintiff does not specify whether he wishes to sue Ordway in his official capacity, individual capacity, or both. *See generally* Dkt. No. 1.  Accordingly, "[a]t this early stage, the undersigned will consider whether either a personal or official capacity claim can survive initial review."  *Scott v. Crossway*, No. 1:22-CV-500 (BKS/CFH), 2022 WL 16646531, at *6 (N.D.N.Y. Nov. 3, 2022), *report and recommendation adopted,* No. 1:22-CV-500 (BKS/CFH), 2023 WL 34543 (N.D.N.Y. Jan. 4, 2023) (citing *Ying Jing Gan v. City*

*of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (citations and quotation marks omitted) ("[I]n many cases, a complaint against public officials will not clearly specify whether officials are sued personally, in their official capacity, or both, and only [t]he course of proceedings . . . will indicate the nature of the liability to be imposed[.]")).

## 2. **Individual Capacity**

### a. **Fourteenth Amendment: Deliberate Medical Indifference**

Reading plaintiff's complaint liberally and affording him due solicitude, it appears that Ordway took plaintiff into custody after responding to the altercation between plaintiff and his nephew.  *See* Dkt. No. 1 at 5.  This conclusion is based on (1) plaintiff's statements that his injuries from the altercation were evaluated in "jail"; (2) plaintiff's complaint lists his address of record as the "Warren County Jail"; and (3) plaintiff's complaint was filed from the "Warren County Correctional Facility" ("Warren County CF").  *Id*. at 2, 5; Dkt. No. 1-2.  Accordingly, it is logical to conclude that plaintiff was a pretrial detainee at the time of the alleged constitutional violation; therefore, his claim will be evaluated under the Fourteenth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 168 (2d Cir. 2007) (quoting *Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir. 2003), *rev'd on other grounds sub nom.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pretrial detainee's claims are evaluated under the Due Process Clause because, [p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner – neither cruelly and unusually nor otherwise.") (internal quotation marks omitted)).

To state a claim for deliberate medical indifference, "a pretrial detainee must satisfy a two-pronged test."  *Oteri v. Palmatier*, No. 9:23-CV-986 (AMN/ML), 2024 WL 808774,

5

at *5 (N.D.N.Y. Feb. 27, 2024).  "First, the alleged deprivation of adequate medical care must be sufficiently serious."  *Id*. (quoting *Lloyd v. City of New York*, 246 F.Supp.3d 704, 717 (S.D.N.Y. 2017) (quoting *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013))) (internal quotation marks omitted).  "Second, the defendant must act with a 'sufficiently culpable state of mind.'"  *Id*. (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).

The first prong is an objective in which "a plaintiff must show that his 'medical need was a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Savatxath v. Demer*, No. 3:15-CV-0082 (DNH), 2018 WL 8755515, at *18 (N.D.N.Y. Mar. 31, 2018) (quoting *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotations omitted)); *Oteri*, 2024 WL 808774, at *5 (quoting *Johnson,* 412 F.3d at 403 (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998))) (noting that the objective prong "requires that the alleged deprivation of medical treatment is, in objective terms, sufficiently serious – that is, the . . . medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'").

> In determining whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, we consider factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain.

*Loveall v. Walker*, 807 F. Supp. 3d 148, 161 (N.D.N.Y. 2025) (quoting *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019)).  Similarly, "where the allegations amount to a delay in medical treatment (rather than a complete deprivation of treatment), courts look at the particular risk of harm faced by an inmate due to the delay in treatment, rather than the severity of the inmate's underlying medical condition."  *Robinson v. Broome Cnty.*

*Sheriff*, No. 9:22-CV-0023 (GLS/CFH), 2022 WL 2914476, at *2 (N.D.N.Y. July 25, 2022) (citing *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003)).

The second prong is subjective such that "a pretrial detainee . . . must establish . . . that the defendant either: 'acted intentionally to impose the alleged condition' or 'recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee.'" *Oteri*, 2024 WL 808774, at *5 (quoting *Logan v. City of Schenectady*, No. 18-CV-1179 (BKS/CFH), 2019 WL 3803631, at *4 (N.D.N.Y. Aug. 13, 2019) (quoting *Darnell*, 849 F.3d at 35)); *Spiezio v. Martinez*, 653 F. Supp. 3d 8, 26 (N.D.N.Y. 2023) ("A plaintiff must show something more than mere negligence to establish deliberate indifference in the Fourteenth Amendment context.") (internal quotation marks and citation omitted). "Non-medical personnel may be held liable for deliberate indifference to medical needs where a plaintiff demonstrates that the prison personnel intentionally denied or delayed access to medical care or intentionally interfered with medical treatment once it was prescribed." *Atutis v. Harder*, No. 9:21-CV-0715 (DNH/TWD), 2021 WL 12314320, at *6 (N.D.N.Y. July 20, 2021) (citing *Baumann v. Walsh*, 36 F.Supp.2d 508, 512 (N.D.N.Y. 1999); *see also Banks v. No. 8932 Corr. Officer*, No. 11-CV-8359 (LAP), 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013) ("A prison guard's deliberate indifference to a serious medical need of a prisoner means intentionally denying or delaying access to medical care or intentionally interfering with medical treatment once it was prescribed.").

As stated above, Plaintiff alleges that his nephew struck him twice in the leg with a sledgehammer. *See* Dkt. No. 1 at 5. However, as presently alleged, Plaintiff fails to show that his "medical need was a condition of urgency, one that may produce death,

7

degeneration, or extreme pain." *Savatxath*, 2018 WL 8755515, at *18 (quoting *Johnson*, 412 F.3d at 403); *Oteri*, 2024 WL 808774, at *5 (quoting *Johnson*, 412 F.3d at 403 (quoting *Hemmings*, 134 F.3d at 108); *see also Rodriguez v. Mercado*, No. 00-CV-8588 (JSR/FM), 2002 WL 1997885, at *8 (S.D.N.Y. Aug. 28, 2002) (collecting cases and explaining that, inter alia, pain from a "foot fracture, bone cyst, and degenerative arthritis" has been held not to be "sufficiently serious"); *Henderson v. Doe*, No. 98-CV-5011 (WHP), 1999 WL 378333, at *2-3 (S.D.N.Y. June 10, 1999) (holding that a broken finger is not sufficiently serious to plausibly allege a claim of deliberate medical indifference).  Plaintiff does not allege any facts in support of the objective prong.  At most, Plaintiff alleges that he told "Ordway about [his] leg" and requested to go to the hospital, and Ordway told him he "was fine" and "will be fine."  Dkt. No. 1 at 5.  Without further detail, Plaintiff fails to satisfy the objective element of his medical indifference claim.

Plaintiff also fails to allege facts sufficient to satisfy the subjective prong – that Ordway acted intentionally or recklessly in delaying his access to medical care. *See Atutis*, 2021 WL 12314320, at *6 (citing *Baumann*, 36 F.Supp. 2d at 512).  Similar to the objective prong analysis, there are no allegations that plausibly suggest that at the time of his interaction with Ordway, Ordway was aware, either by being told or otherwise, that plaintiff was suffering from a life-threatening and fast-degenerating condition, or that by taking him to the Warren County Jail and not the hospital as plaintiff requested, Ordway was deliberately indifferent to a serious medical need.  The facts alleged in the complaint, at most, establish that plaintiff reported being hit in the leg with a sledgehammer and asked to go to the hospital.  *See* Dkt. No. 1 at 5.  From plaintiff's allegations, Ordway did not observe the incident, the scene where it occurred, or any injury to plaintiff's leg, but

Ordway did observe the plaintiff walking around. *See id*. Without more detail, these allegations fail to establish the subjective prong or that Ordway acted intentionally or recklessly in delaying plaintiff access to medical care. *See Atutis*, 2021 WL 12314320, at *6 (citing *Baumann*, 36 F.Supp.2d at 512).

In addition, Plaintiff states that one week after his interaction with Ordway, he was in significant pain and suffered swelling and bruising to his shin and a ten inch by ten inch "deep black and purple bruise" to his thigh. *See* Dkt. No. 1 at 5. Yet, plaintiff fails to allege how his conditions worsened as a result of Ordway's decision to forego taking him the hospital, nor when, by whom, or what treatment he received during the week between his arrest and the filing of the complaint. *See Banks*, No. 11 CIV. 8359 (LAP), 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013) ("Plaintiff failed to raise any fact that would suggest Defendants disregarded the well-being of the Plaintiff in any way."); *Hamilton v. Westchester Dep't of Corr.,* No. 19-CV-3838 (KMK), 2020 WL 4271709, at *7 (S.D.N.Y. July 23, 2020) (determining that the defendants did not delay the plaintiff's access to medical care when the plaintiff slipped and fell, plaintiff requested to be put on a stretcher, and the defendants "instead stood him up, handcuffed him, and walked him to a chair, where his vitals were taken.") (internal quotation marks omitted).

Accordingly, the undersigned recommends that plaintiff's Fourteenth Amendment deliberate medical indifference claim against Ordway[3] be dismissed without prejudice and

---

[3] Additionally, as stated above, plaintiff claims that X-rays were taken of his leg at the Warren County CF. *See* Dkt. No. 1 at 5. Even affording plaintiff due solicitude, this statement is not sufficient to raise a claim for deliberate medical indifference against any person at the Warren County CF. Plaintiff has failed to name any individual(s) employed by the Warren County CF as a defendant or allege that that individual(s) acted with a reckless or intentional state of mind. *See Oteri*, 2024 WL 808774, at *5; *see also Pierrot v. Hahn*, No. 9:15-CV-1415 (DNH/CFH), 2017 WL 4221117, at *9 (N.D.N.Y. July 28, 2017), *report and recommendation adopted,* No. 9:15-CV-1415 (DNH/CFH), 2017 WL 4221072 (N.D.N.Y. Sept. 21, 2017) ("[T]o bring a claim for [deliberate] indifference to medical needs, plaintiff must identify the medical staff against whom he seeks to bring the claim."); *see also* FED. R. CIV. P. 8(a)(2) (Stating that a pleading which

with opportunity to amend.  *See Savatxath*, 2018 WL 8755515, at *18 (quoting *Johnson*, 412 F.3d at 403); *Oteri*, 2024 WL 808774, at *5 (quoting *Johnson*, 412 F.3d at 403 (quoting *Hemmings*, 134 F.3d at 108)); *Atutis,* 2021 WL 12314320, at *6 (citing *Baumann*, 36 F.Supp.2d at 512.

### 3.  **Official Capacity**

Plaintiff's complaint alleges that Ordway works for the Warren County Sheriff's Department.  *See* Dkt. No. 1 at 2.  The Warren County Sheriff's Department is a municipal entity.[4]  Although plaintiff's complaint sets forth no claims against the municipality, out of special solicitude, the undersigned makes note that if plaintiff intends to proceed against Ordway pursuant to section 1983 in his official capacity as a sheriff with Warren County Sheriff's Department, it may only be pursuant to *Monell v. Department of Social Services*.

"Municipalities may be sued directly under [Section] 1983" pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) "for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision."  *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell*, 436 U.S. at 690-91). "To set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead that a deprivation of his constitutional rights was 'caused by a governmental custom, policy, or usage of the municipality.'"  *Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH/CFH), 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023) (quoting *Jones v.*

---

sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."); *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) ("The purpose [of Federal Rule 8] . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.").

[4] Warren County, New York, "Sheriff" https://www.warrencountyny.gov/sheriff (last visited May 6, 2026).

*Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. at 690-91)).

"Municipalities may only be held liable when the municipality itself deprives an individual

of a constitutional right; it 'may not be held liable on a theory of respondeat superior.'" *Id*.

(quoting *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000)).  An "official policy or custom"

can be pleaded as follows:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.

*Id.* (quoting *Dorsett-Felicelli, Inc. v. Cty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y.

2005)) (internal citations omitted); *see also Santos v. New York City*, 847 F. Supp. 2d 573,

576 (S.D.N.Y. 2012) (explaining that, to state an official policy claim under *Monell*, the

plaintiff "must do more than simply state that a municipal policy . . . exists"); *Coleman v.

Cnty. of Suffolk*, 685 F. App'x 69, 72 (2d Cir. 2017) (summary order) ("Where . . . the

conduct of individual defendant officers does not violate the plaintiff's constitutional rights,

the municipality is generally not liable for a policy or practice pursuant to which the

conduct was performed."); *Fleming v. City of New York*, No. 18-CV-4866 (GBD/JW), 2023

WL 1861223, at *1 (S.D.N.Y. Feb. 9, 2023) (noting that, in some situations, a municipality

may be held liable under *Monell* even if a plaintiff is unable to establish liability against

individual defendants).

Here, plaintiff has not pled that his constitutional rights were violated due to an

official Warren County policy, a persistent and widespread custom or practice, failure to

train or supervise, or because a policy-making official's deliberate conduct deprived him

11

of a constitutional right.  *See Dougal*, 2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194); *see also Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297-98 (2d Cir. 2020).   Instead, plaintiff summarily concludes that his rights were violated because Ordway refused to address his medical needs or take him to the hospital.  *See* Dkt. No. 1 at 5.  However, as discussed above, "a municipality may not be held liable under 1983 'solely because it employs a tortfeasor.'"  *Mulqueen v. Herkimer Cnty. Child Protective Servs.*, No. 6:22-CV1-301 (TJM/ATB), 2023 WL 4931679, at *6 (N.D.N.Y. Aug. 2, 2023), *report and recommendation adopted*, No. 6:22-CV-1301 (BKS/MJK), 2024 WL 756833 (N.D.N.Y. Feb. 23, 2024) (citing *Cowan v. City of Mt. Vernon*, 95 F. Supp. 3d 624, 636 (S.D.N.Y. 2015) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997))); *Dougal*, 2023 WL 6430586, at *10 (quoting *Jeffes*, 208 F.3d at 56).  Plaintiff does not connect Ordway's conduct to Warren County.

Therefore, it is further recommended that if plaintiff intended to name Ordway in his official capacity, such claims be dismissed for failure to plead a *Monell* claim.  *See Dougal*, 2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194). Accordingly, as it is possible that plaintiff may have intended to raise his claim against Ordway in his official capacity and he potentially be able to amend his complaint to plead that his constitutional rights were violated due to an official Warren County policy, persistent and widespread custom or practice, a failure to train or supervise, or because a policy-making official's deliberate conduct deprived him of constitutional rights, the undersigned recommends that plaintiff's claims against Ordway, to the extent it was intended to be raised against him in his official capacity, be dismissed without prejudice and with opportunity to amend.

### IV.  **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, the defects in plaintiff's (1) Fourteenth Amendment deliberate medical indifference claim against Ordway in his individual capacity, and (2) claims against Ordway in his official capacity can potentially be cured by a better pleading.  Accordingly, it is recommended that insofar as plaintiff seeks to proceed against Ordway in his individual capacity for violating his Fourteenth Amendment rights and in his official capacity generally, such claims be dismissed without prejudice and with opportunity to amend.

### IV.  **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and with opportunity to amend**; and it is further

**RECOMMENDED**, that, if the District Judge adopts this Report-Recommendation & Order, plaintiff be afforded thirty (30) days from the filing date of the Order adopting the Report-Recommendation & Order, to file an amended complaint, and if plaintiff: (1) timely files an amended complaint, it be returned to the Magistrate Judge for review in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and (2) does not timely file an amended complaint, the matter be closed and judgment entered dismissing the matter without prejudice, without need for further order of the Court; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[5]

Dated:  May 6, 2026
       Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).