UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MATTHEW WASHBURN,

                                        Plaintiff,

    vs.                                                              1:25-CV-1574
                                                                     (MAD/PJE)
PATROL OFFICER ORDWAY,

                                        Defendant.

_____

APPEARANCES:                            OF COUNSEL:

MATTHEW WASHBURN
Lake George, New York
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Matthew Washburn filed the complaint in this action on November 7, 2025. *See* Dkt. No. 1. Plaintiff named Patrol Officer Ordway as the Defendant, alleging that Defendant violated Plaintiff's Fourteenth Amendment rights by being deliberately indifferent to Plaintiff's medical needs, and sought relief in this Court under 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 1. On May 6, 2026, Magistrate Judge Paul J. Evangelista granted Plaintiff's IFP motion and issued a Report-Recommendation and Order recommending that the complaint be dismissed without prejudice because Plaintiff's complaint fails to state a Fourteenth Amendment deliberate indifference claim. *See* Dkt. No. 5. Magistrate Judge Evangelista recommended allowing Plaintiff the opportunity to amend the complaint. *See id*.

1

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, Plaintiff has not filed any objections, and the Court will review Magistrate Judge Evangelista's recommendations for clear error.

As Plaintiff is proceeding *pro se*, the Court must review his complaint by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court finds no clear error in Magistrate Judge Evangelista's Report-Recommendation and Order. Dismissal is appropriate because, even after a liberal reading of Plaintiff's complaint, he does not sufficiently allege a Fourteenth Amendment claim or *Monell*[1] claim.

As explained by Magistrate Judge Evangelista, Plaintiff needed to allege that (1) from an objective standard, Plaintiff's "medical need was a condition of urgency, one that may produce

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

death, degeneration, or extreme pain," and (2) Defendant acted intentionally or recklessly in delaying access to medical care.  Dkt. No. 5 at 6-7 (citations omitted).

First, Plaintiff's complaint describes an altercation between his nephew and himself which led to Plaintiff being hit on his leg, resulting in an injury.  *See* Dkt. No. 1 at 5.  Plaintiff states he suffered a bruise and swelling.  *Id.*  The complaint does not further explain the extent of the injury and in any event, "[d]istrict courts in the Second Circuit have consistently held that bruises, lacerations, cuts, black eyes, and other superficial injuries are not sufficiently serious to support a deliberate indifference claim."  *Garry v. McPhillips*, No. 9:21-CV-172, 2024 WL 4023890, *5 (N.D.N.Y. September 3, 2024) (quoting *Boykins v. Lopez*, No. 21-CV-2831, 2022 WL 2307684, *9 (S.D.N.Y. June 2022)).  Furthermore, "[d]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment . . . are not adequate grounds for a Section 1983 claim."  *Id.*  (quoting *Zulu v. Wells*, No. 9:20-CV-312, 2022 WL 3092194, *3 (N.D.N.Y. 2022)).  Magistrate Judge Evangelista correctly concluded that "without further detail, Plaintiff fails to satisfy the objective element of his medical indifference claim."  Dkt. No. 5 at 8.

Second, Plaintiff alleges he told Defendant "about [his] leg," but that is insufficient to allege deliberate indifference.  Dkt. No. 1 at 5.  As Magistrate Judge Evangelista explained, although Plaintiff's complaint states he experienced significant pain and worsening of his injury a week after the initial encounter with Defendant, there is no indication of this resulting from Defendant deciding to "forego taking [Plaintiff] to the hospital."  Dkt. No. 5 at 9.  Therefore, Magistrate Judge Evangelista correctly recommended that Plaintiff's Fourteenth Amendment deliberate indifference claim be dismissed.

As to any purported official capacity claim, Plaintiff needed to sufficiently allege "a deprivation of [Plaintiff's] constitutional rights was caused by a governmental custom, policy, or

3

usage of the municipality." Dkt. No. 5 at 10 (citations omitted).  This would either be an official policy, "a persistent and widespread custom or practice, failure to train or supervise, or a policy-making official's deliberate conduct." *Id*. at 11-12.  Here, Plaintiff's only grievance against Defendant is that he did not take Plaintiff to the hospital—Plaintiff does not allege that Warren County caused any injury.  *See generally* Dkt. No. 1.  Therefore, Magistrate Judge Evangelista correctly recommended that Plaintiff's claim against Defendant in his official capacity be dismissed.  *See* Dkt. No. 5 at 12.

The Report-Recommendation and Order recommends allowing Plaintiff leave to amend, which this Court finds appropriate.  Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires").  Finding no clear error, the Court adopts the recommendation that Plaintiff's complaint be dismissed without prejudice and with leave to amend.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and the Court further

**ORDERS** that any amended complaint must be filed within thirty (30) days of the date of this Order.  Any amended complaint must be a complete pleading which will replace the current

4

complaint in total and must comply with the directions in the Report-Recommendation and Order; and the Court further

**ORDERS** that if Plaintiff timely files and amended complaint, it shall be referred to Magistrate Judge Evangelista for review; and the Court further

**ORDERS** that if Plaintiff fails to file a timely amended complaint, the Clerk shall close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  June 25, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge